IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> JACK DEON WALKING EAGLE, <br><br> Defendant/Movant. | Cause No. CR 07-99-GF-BMM <br> CV 16-17-GF-BMM <br><br> ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant Walking Eagle's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.[1] He also moves for the appointment of new counsel to represent him. Walking Eagle is a federal prisoner proceeding pro se.

Walking Eagle pled guilty in 2007 to one count of assault with intent to commit murder, a violation of 18 U.S.C. § 113(a)(1) ("Count 1"), and one count of using or carrying and discharging a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A) and (iii) ("Count 4"). The Court

---

[1] On March 4, 2016, Walking Eagle submitted a motion seeking dismissal of Count 4 of the Indictment. The Court advised him the motion would be recharacterized as a motion under 28 U.S.C. § 2255 and gave him an opportunity to amend or withdraw his motion. *See* Order (Doc. 42); *Castro v. United States*, 540 U.S. 375, 383 (2003). Walking Eagle responded by filing a § 2255 motion. The first claim in the § 2255 motion is the one he made in the motion filed on March 4. The second claim also alleges a claim under *Johnson*. *See* Mot. § 2255 (Doc. 43) at 3 ¶¶ A, B.

1

sentenced him on February 25, 2008, to a term of 151 months on Count 1 and a mandatory consecutive ten-year term on Count 4. *See* Plea Agreement (Doc. 17) at 3-4 ¶ 6; Judgment (Doc. 26) at 1-2. He seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *See also Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies to cases already final when it was issued).

The Supreme Court in *Johnson* considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court deemed the residual clause so vague that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement by sentencing judges. Federal sentencing courts no

longer may enhance a defendant's sentence based on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *Johnson*, 135 U.S. at 2555-60, 2563. *Johnson* did not address either subsection (i) or the first line of subsection (ii) in § 924(e)(2)(B). Those provisions remain valid law.

Walking Eagle challenges his conviction under 18 U.S.C. § 924(c)(1)(A), and (iii) for using or carrying a firearm during and in relation to a "crime of violence." The definition of a "crime of violence" in § 924(c)(3) differs from the definition of a "violent felony" in § 924(e)(2)(B). It remains similar in most respects:

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Court will assume, for the sake of argument, that the residual clause in § 924(c)(3)(***B***) is unconstitutionally vague for the reasons explained in *Johnson*. Even so, Walking Eagle's conviction and sentence under § 924(c) would remain valid if the "crime of violence" that he committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of

3

another." 18 U.S.C. § 924(c)(3)(*A*).

"Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person," as opposed to the common-law definition of force that included mere offensive touching. *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). "Use" of physical force requires an intentional act, as opposed to a negligent one, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), or even a reckless one, *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc). By contrast, the Ninth Circuit in *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016), determined that involuntary manslaughter, defined as murder without malice, does not constitute a crime of violence because it requires only a showing of gross negligence.

The crime alleged in Count 1, assault with intent to commit murder, constituted the "crime of violence" underlying Walking Eagle's conviction on Count 4. To prove assault with intent to commit murder, the United States must prove that the defendant intentionally struck or wounded the victim—or at least displayed a willingness to use force that caused the victim to fear bodily harm—and also that the defendant intended to kill the victim. *See* 9th Cir. Crim. Jury Instr. 8.4 (2003); *United States v. Jones*, 681 F.2d 610, 611-12 (9th Cir. 1982) (Kennedy, J.); *see also, e.g.*, *United States v. Perez*, 43 F.3d 1131, 1137-40 (7th Cir. 1994) (reversing for new trial where district court instructed jury that the

4

prosecution need not prove the defendant subjectively intended to kill the victim); *United States v. Martell*, No. 12-30020, 499 Fed. Appx. 677, 678-79 (9th Cir. 2012) (unpublished mem. disp.); *United States v. Kane*, No. 04-10528, 146 Fed. Appx. 912, 913 (9th Cir. 2005) (unpublished mem. disp.). Walking Eagle's conviction required the United States to prove an express intent to kill. Recklessness did not suffice.

Striking or wounding constitutes a use of "force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. The displaying of force sufficient to cause someone to fear injury, logically, would constitute a threat to use force capable of causing pain or injury. A defendant who commits an assault with intent to kill necessarily uses, or attempts, or threatens to use, force in an instrumental manner. *See Leocal*, 543 U.S. at 9. Use or threat to use force represents an element of assault with intent to commit murder. *See, e.g.*, *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1292-93 (9th Cir. 2017); *see also United States v. Sutton*, No. 16-35317, 2017 WL 3499917 at *1 (9th Cir. Aug. 16, 2017) (unpublished mem. disp.).

Assault with intent to kill meets the definition of a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). Assault with intent to kill "by its nature, involves a substantial risk that physical force against the person or property of another may be used." Nothing in *Johnson* invalidates the residual clause of § 924(c)(3)(***B***). The

5

reasoning of *Johnson* does not undermine Walking Eagle's conviction for using or carrying a firearm during and in relation to a "crime of violence," because assault with intent to commit murder meets the force clause of § 924(c)(3)(*A*).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It appears that Walking Eagle's conviction for assault with intent to kill qualifies as a crime of violence. The Court notes, however, that the Ninth Circuit has yet to apply the reasoning of *Johnson* to a claim similar to the one presented here. Reasonable jurists may disagree as to the outcome. Walking Eagle's claims merit the issuance of a COA.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Walking Eagle's motion for the appointment of counsel (Doc. 43-1) is MOOT;

2. Walking Eagle's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 41, 43, 44) is DENIED;

3. A certificate of appealability is GRANTED. The Clerk of Court shall immediately process the appeal if Walking Eagle files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-17-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Walking Eagle.

DATED this 15th day of November, 2017.

Brian Morris
United States District Court Judge